**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KOKAYI SIMMONS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:21-CV-729 AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on movant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  ECF No. 5.  The motion appears to be time-barred so the Court will order movant to show cause why the motion should not be summarily dismissed.

### **Background**

On January 3, 2019, movant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *United States v. Simmons*, No. 4:18-CR-621-AGF (E.D. Mo. July 18, 2018).  On April 22, 2019, the Court sentenced movant to a term of 84 months' imprisonment and three years of supervised release.  Movant did not appeal.

Movant initiated this suit by filing a *pro se* motion, dated June 14, 2021, in his criminal case.  *See* ECF No. 2.  On June 21, 2021, the Court created the instant action by administratively terminating the motion and opening it as a new case under 28 U.S.C. § 2255.  ECF No. 1.  The Court then directed the Clerk of Court to send movant the Court form for § 2255 motions so that movant could file an amended motion containing all of his § 2255 claims.  ECF No. 3.

In Movant's amended § 2255 motion, he asserts that his guilty plea was not voluntary because it was not entered into knowingly.  ECF No. 5 at 5.  According to movant, his court-

appointed trial counsel was ineffective in that she did not explain to movant what elements of the offense the government would have to prove if they went to trial (namely the mens rea element that movant "knowingly possessed a firearm"), nor did she explain that pleading guilty would limit movant's appellate options. *Id.* at 5, 14. Movant asserts other ways in which he believes his counsel acted ineffectively, including her "refusal to take responsive measures or consider efforts to challenge or suppress the search results" and the pressure she put on movant to plead guilty. *Id.* at 14-15. Movant alleges that if his counsel had "properly explained Rehaif v. US, [he] more likely than not would have insisted on proceeding to trial." *Id.* at 15.

Movant requests that the Court vacate his judgment and remand his case "to face indictment." *Id.* at 13. On the Court form question regarding timeliness of his motion, Movant simply states "N/A." *Id.* at 12.

## Legal Standards

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. U.S.*, 914 F.3d 1151, 1152 (8th Cir. 2019). Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

If a criminal judgment is not appealed, it becomes final – for purposes of calculating the time limit for filing a motion under § 2255 – when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. P. 4(b)(1).

## Discussion

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f) and subject to summary dismissal. Movant was sentenced on April 22, 2019. He had fourteen days to file an appeal, which he did not do. Thus, his judgment became final on May 6, 2019, at which point the statute of limitations began to run. From that point, movant had until May 6, 2020, in which to timely file his § 2255 motion. However, movant did not file the instant motion until June 14, 2021,[1] approximately thirteen months late.

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion to vacate is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

Clearly, the 1-year period from when his conviction became final under § 2255(f)(1), has long expired.  However, movant seems to be asserting some arguments for relief based on the United States Supreme Court decision *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which was issued in June 2019.  Assuming the Supreme Court recognized a new constitutional right that is retroactively applicable to cases on collateral review in that case, and that the case is applicable to the facts of movant's case here, then movant's limitation period under § 2255(f)(3) would have started in June 2019 and expired one year later in June 2020.  Movant did not file his initial § 2255 motion in this matter until June 2021.

As such, it appears that the § 2255 motion here was filed after the limitations period expired.  As a result, I will order movant to show cause why his § 2255 motion should not be dismissed as time-barred.  Movant will be given thirty (30) days from the date of this order in which to submit a written response.  Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2255 motion should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 27th day of July, 2021.

*audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE