UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KOKAYI SIMMONS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-CV-729 AGF |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's amended motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.  ECF No. 5.  On July 27, 2021, the Court issued an Order to Show Cause in this matter, discussing how movant's § 2255 motion appeared to be time-barred and directing movant to show cause as to why the motion should not be summarily dismissed.  ECF No. 6.  After the Court granted an extension of time, movant filed his response to the Show Cause Order on September 1, 2021.  ECF Nos. 7-9.  For the reasons discussed below, movant's original and amended motions to vacate, set aside, or correct sentence will be denied and dismissed as time-barred.

**Background**

On January 3, 2019, movant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *United States v. Simmons*, No. 4:18-CR-621-AGF (E.D. Mo. July 18, 2018).  On April 22, 2019, the Court sentenced movant to a term of 84 months' imprisonment and three years of supervised release.  Movant did not appeal.

Movant initiated this suit by filing a *pro se* motion, dated June 14, 2021, in his criminal case.  *See* ECF No. 2.  On June 21, 2021, the Court created the instant action by administratively

terminating the motion and opening it as a new case under 28 U.S.C. § 2255. ECF No. 1. The Court then directed the Clerk of Court to send movant the Court form for § 2255 motions so that movant could file an amended motion containing all of his § 2255 claims. ECF No. 3.

In Movant's amended § 2255 motion, he asserts that his guilty plea was not voluntary because it was not entered into knowingly. ECF No. 5 at 5. According to movant, his court-appointed trial counsel was ineffective in that she did not explain to movant what elements of the offense the government would have to prove if they went to trial (namely the mens rea element that movant "knowingly possessed a firearm"), nor did she explain that pleading guilty would limit movant's appellate options. Id. at 5, 14. Movant asserts other ways in which he believes his counsel acted ineffectively, including her "refusal to take responsive measures or consider efforts to challenge or suppress the search results" and the pressure she put on movant to plead guilty. Id. at 14-15. Movant alleges that if his counsel had "properly explained Rehaif v. US, [he] more likely than not would have insisted on proceeding to trial." Id. at 15. Movant requests that the Court vacate his judgment and remand his case "to face indictment." Id. at 13.

Movant simply stated "N/A" on the timeliness question on his § 2255 form motion. Id. at 12. On July 27, 2021, the Court issued an Order explaining the time limitations for filing a § 2255 motion and directing movant to show cause as to why his motion should not be summarily dismissed as time-barred. ECF No. 6.

**Response to Show Cause Order**

Movant responds to the Show Cause Order that his § 2255 motion was filed late due to his lack of legal knowledge and pandemic restrictions that hindered his access to assistance from fellow inmates and the law library. ECF No. 9. Movant describes himself as "a layman, with

no understanding of legal theories, concepts, or criminal jurisprudence." *Id.* at 2. He admits that he does not know how to use the prison's law library computers and that he only heard about the *Rehaif* case by "word of mouth." *Id.* According to movant, the prison where he is incarcerated has "been in various stages of modified or restricted movement since March 2020, to include lockdown from 1 April 2020 to May 2021 … due to COVID-19." *Id.* at 1. These restrictions on movement have prevented movant "from having contact with inmates from other housing areas." *Id.* at 2. Movant states that he required the assistance of a fellow inmate in filing his amended motion in this matter; however, it is unclear whether that inmate is from a different housing area. *Id.* at 2, 4. Movant incorrectly states that *Rehaif v. United States*, 139 S.Ct. 2191 (2019), "was decided in March 2019,"[1] in an attempt to explain that "it takes three (3) months for cases to be reported on the computers in the prison law library. (Or, June 2019)." *Id.* at 2. In addition, the library was closed from "1 April 2020 until just recently." *Id.*

Movant asserts that had it not been for the COVID-19 pandemic, he "would have had his claim in court before March of 2020, because he could have had access to the assistance of other inmates." *Id.* at 3. Movant claims that he has been "relatively diligent, considering the restrictions … during the pandemic; and his lack of legal acumen in general." *Id.*

## Discussion

Movant's § 2255 motion is time-barred under 28 U.S.C. § 2255(f) and nothing in his response to the Show Cause Order justifies equitable tolling here. This matter will be summarily denied and dismissed as untimely.

---

[1] In fact, the Supreme Court's opinion in *Rehaif* was issued on June 21, 2019. 139 S.Ct. 2191 (2019).

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. U.S.*, 914 F.3d 1151, 1152 (8th Cir. 2019). Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

If a criminal judgment is not appealed, it becomes final – for purposes of calculating the time limit for filing a motion under § 2255 – when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. P. 4(b)(1).

Movant was sentenced on April 22, 2019. He had fourteen days to file an appeal, which he did not do. Thus, his judgment became final on May 6, 2019, at which point the statute of

limitations began to run. However, movant seeks relief based on the United States Supreme Court decision *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which was issued in June 2019. Assuming the Supreme Court recognized a new constitutional right that is retroactively applicable to cases on collateral review in that case, and that the case is applicable to the facts of movant's case here, then movant's limitation period under § 2255(f)(3) would have started in June 2019 and expired one year later in June 2020. Movant did not file his initial § 2255 motion in this matter until June 14, 2021,[2] approximately one year late.

Movant argues that the June 2020 deadline for filing a § 2255 motion for relief under *Rehaif* should be tolled due to his lack of legal knowledge and prison restrictions resulting from the COVID-19 pandemic. The 1-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be equitably tolled if a movant demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

However, equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Equitable tolling is proper only when extraordinary circumstances

---

[2] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion to vacate is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

beyond a prisoner's control make it impossible to file a petition on time" or possibly "when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

First, movant argues that he lacks the legal knowledge and ability to use the law library computers that would be required to file a § 2255 motion without assistance. This argument is insufficient because the Eighth Circuit has made clear that an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" do not warrant equitable tolling. *Id.*

Second, as to pandemic prison restrictions, courts have considered how the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *U.S. v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020) (citing cases). A COVID-19 lockdown which limited a petitioner's access to the law library and ability to make copies in prison, was found insufficient to justify equitable tolling. *Id.* In general, as to the COVID-19 pandemic, courts have found that "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns." *U.S. v. Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also U.S. v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (finding that even if a COVID-19 lockdown delayed the motion filing, equitable tolling was unwarranted because the defendant did not demonstrate diligent pursuance of his claims prior to lockdown).

Some courts have found equitable tolling applicable where evidence indicates that petitioner was diligently pursuing his rights when the pandemic hit. *See Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020) (granting second motion for prospective equitable tolling because petitioner could not file his motion on time despite his

exercise of reasonable diligence, due to the emergency conditions of the pandemic); *Dunn v. Baca*, No. 3:19-CV-00702-MMD-WGC, 2020 WL 2525772 (D. Nev. May 18, 2020) (granting prospective equitable tolling because of extraordinary circumstances of the pandemic where petitioner and his public defender were pursing petitioner's rights diligently). As such, the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis.

In this case, movant states that had it not been for the COVID-19 pandemic, he "would have had his claim in court before March of 2020." ECF No. 9 at 3. However, this assertion does not make sense as movant also stated that the prison movement restrictions due to the pandemic did not start until March 2020. *Id.* at 1. Despite this timing discrepancy, movant alleges that the pandemic restrictions made it difficult for him to access the law library and to find a fellow inmate to help him file his § 2255 motion. As discussed above, courts have found diminished access to the law library insufficient to justify equitable tolling. *See Haro*, 2020 WL 5653520, at *4 (citing cases). This is especially true where the movant was not diligently pursuing his rights prior to the pandemic, such as the case here. Movant seeks relief based on a Supreme Court case issued in June 2019. He had approximately nine months to file a § 2255 motion based on that case before the pandemic restricted prison movement. There is no evidence that movant was diligently pursuing help from other inmates or the law library prior to the pandemic. Nor does movant allege that the pandemic specifically prevented him from filing his motion in a timely manner.

As such, the Court has no reason to believe that extraordinary circumstances beyond movant's control made it impossible for him to file his motion on time. Movant is not entitled to

equitable tolling. Therefore, his motions for § 2255 relief will be denied and dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 2] and the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 5] are **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of September, 2021.

                                               */s/ Audrey G. Fleissig*
                                      AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE